[Crim. No. 5033. Fifth Dist. Aug. 25, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLAN DALE WILSON, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Gregory Roussere and Lisa Short, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Ramon de la Guardia, Edmund D. McMurray and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, Acting P. J.—Appellant appeals his convictions after pleading guilty to rape in concert in violation of former Penal Code[1] section 261, subdivisions (2) and (3), sodomy in concert in violation of section 286, subdivision (d), and oral copulation in violation of section 288a, subdivision (c). Appellant was sentenced to a principal term of nine years, the upper base term for sodomy, and to full, separate and consecutive terms of six years each for the rape and oral copulation convictions pursuant to section 667.6, subdivision (c).[2]

For the reasons to be explained, we hold the trial court was required to state reasons for imposing consecutive sentences and, further, was re-

---

[1]All references are to the Penal Code unless otherwise indicated.

[2]Section 667.6, subdivision (c), provides: "*In lieu of the term provided in Section 1170.1*, a full, separate, and consecutive term *may* be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. If such term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time such person would otherwise have been released from imprisonment. Such term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to such term shall not be merged therein but shall commence at the time such person would otherwise have been released from prison." (Italics added.)

quired to separately state reasons for sentencing appellant under section 667.6, subdivision (c), in lieu of section 1170.1, subdivision (a).[3] Accordingly, the matter is remanded with directions for resentencing.

### The Evidence

On February 12, 1980, Michael Simpson and appellant visited Louise, the victim, at her apartment in Fresno. Louise had met appellant for the first time earlier that day and had seen Simpson around her apartment complex. When appellant and Simpson came to Louise's front door and asked to come in, she told them they could not come in because she was expecting visitors. Both men entered her apartment anyway and sat down in the kitchen area. They left when a friend came to visit Louise.

At approximately 7 p.m., appellant and Simpson returned, but Louise said she did not want to have any visitors because she was studying for a test the next day. Both men again ignored Louise and entered her apartment. Simpson asked if he could have a drink of wine and Louise told him there was an open bottle in the refrigerator. A short time later, appellant attempted to fondle Louise. Despite her protests, he did not stop. While appellant was attempting to fondle Louise, a girl friend called on the telephone. During the subsequent conversation, appellant unsuccessfully attempted to hang up the phone. After the conversation,

[3]Section 1170.1, subdivision (a), provides: "Except as provided in subdivision (b) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5 or 667.6. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.3, 12022.5, 12022.6, 12022.7 or 12022.8. The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7."

Louise told appellant not to hang up her phone again. Appellant got mad and slapped Louise. She then asked appellant to leave and he slapped her again. Louise started walking towards the front door with the hope that appellant and Simpson would leave. At this time appellant walked in front of the door and said that the two men were not going to leave until Louise had intercourse with them. Louise refused and appellant slapped her and hit her in the nose with his fist. Louise started screaming and appellant began to choke her. She stopped screaming when appellant promised not to choke her. When Louise refused to take off her clothes, appellant picked up the wine bottle and broke it over a counter.

Appellant threatened to steal Louise's stereo and stole several dollars from her. Appellant forced Louise to undress and committed two acts of anal intercourse and forced her to orally copulate him. During the second act of anal intercourse, appellant forced Louise to bark and say "Daddy."

Throughout these events, Simpson merely watched. Following the second act of anal intercourse, Simpson was called into the bedroom where appellant and Louise were. Appellant directed Louise to orally copulate and have sexual intercourse with Simpson. During this act of sexual intercourse, appellant told Louise she needed to be taught a lesson and hit her hard several times on the buttocks with a shoe.

Both men then ransacked the apartment and stole numerous items which they put in Louise's car after taking her car keys. While the men were in the process of taking her property, appellant engaged in a third act of anal intercourse with Louise. Appellant then took her into the bedroom and completed an act of sexual intercourse. The men left. Louise testified she was afraid to leave her apartment for fear that Simpson and appellant might be outside watching. After approximately an hour, she hooked up some stereo speaker wires to the leg of a table and used it to climb out of her second story window and down to the ground. The telephone cord on Louise's phone had been cut. The entire incident lasted approximately three hours.

### Reasons Must Be Separately Stated for Sentencing Under Section 667.6, Subdivision (c)

■ Respondent concedes the trial court failed to state any reasons for imposing consecutive sentences; hence, the case must be remanded

for resentencing under California Rules of Court, rule 425 (§ 1170, subd. (c)).

■ ■■■ ■ Additionally, we hold that since the Legislature did not intend the automatic sentencing of multiple violent sex offenders under section 667.6, subdivision (c), the trial court is required to separately state reasons for utilizing the more punitive statute.[4]

Section 1170, subdivision (c), commands the trial court "shall state the reasons for its *sentence choice* on the record at the time of sentencing." (Italics added.) California Rules of Court, rule 405(f), defines "sentence choice" to mean "the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial." (*People* v. *Lock* (1981) 30 Cal.3d 454, 459 [179 Cal.Rptr. 56, 637 P.2d 292]; see also *People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704-705 [173 Cal.Rptr. 71]; *People* v. *Johnson* (1980) 104 Cal.App.3d 598, 611-612 [164 Cal.Rptr. 69]; *People* v. *Walker* (1978) 83 Cal. App.3d 619, 622 [148 Cal.Rptr. 66].)

■ The purpose of requiring the trial court to state its reasons for exercising sentencing discretion is to provide uniformity and proportionality in sentencing and meaningful appellate review to determine whether the trial court has abused its discretion. (§ 1170, subd. (a)(1); see *People* v. *Lock, supra*, 30 Cal.3d at p. 459.)

Certainly if a trial court is required to state reasons for imposing the upper term for a conviction which could amount to several months to several years of additional punishment, the court should be required to state reasons for a sentencing choice which adds eight years to a defendant's prison term.

---

[4]While the sentencing judge is required to separately state reasons for utilizing section 667.6, subdivision (c), this does not mean that the reasons must be separate and distinct from those used to justify imposition of consecutive sentences. For example, it is permissible for the sentencing judge to first state his reasons for imposing consecutive sentences using primarily the criteria contained in California Rules of Court, rule 425 (see rules 421, 423). The judge should then state which of these reasons justify imposing full, separate and consecutive terms under section 667.6, subdivision (c).

This suggested sentencing procedure, which is not exclusive, is not subject to the prohibition against dual use of facts. As noted later (see fn. 5, *post*), it would be nearly impossible to formulate a set of criteria for the utilization of section 667.6, subdivision (c), that would be separate and distinct from the criteria listed in rule 425. Moreover, any circumstance which justifies imposition of full consecutive terms under section 667.6, subdivision (c), would of necessity justify imposition of consecutive sentences under section 1170.1, subdivision (a). (Cf. *People* v. *Karsai* (1982) 131 Cal.App.3d 224, 238 [182 Cal.Rptr. 406].)

We are aware of *People* v. *Karsai, supra,* 131 Cal.App.3d 224, 238 which states: "When the [trial] court determined to apply the provisions of section 667.6, subdivision (c), there was no further decision to be made regarding consecutive or concurrent sentencing, and the court was not required to state reasons for imposing consecutive sentences as well as reasons for sentencing under section 667.6, subdivision (c)." This statement, however, supports our holding that separate reasons should be stated for imposing full, separate and consecutive terms under section 667.6, subdivision (c). In *Karsai,* the defendant was on parole for a 1975 rape and oral copulation conviction when he committed the sex crimes for which he was being sentenced. The trial court explained it was imposing a consecutive sentence under section 667.6, subdivision (c), because the defendant had violated his parole in addition to committing the current crimes. Having explicitly stated its reason for imposing the greater consecutive sentence, the trial court was not required to separately state its reasons for rejecting concurrent sentences for the multiple offenses. As a repeat violent sex offender, Karsai must be categorized as one of the most serious types of violent sex offenders. Sentencing under section 667.6, subdivision (c), therefore, was appropriate.

■ Once a trial judge has decided to sentence a multiple sex offender to consecutive terms, the judge must then decide whether the consecutive terms should be subordinate to the principal term under section 1170.1, subdivision (a), or full and separate terms under section 667.6, subdivision (c). This decision must be made thoughtfully because the Legislature obviously intended by the alternative language in section 667.6, subdivision (c), that the more punitive statute be utilized for the more serious sex offenders such as Karsai with his prior sex offense record. ■ We do not categorically assert that appellant should have been sentenced to total terms of 13 years rather than 21 years; this will be a matter for the sound discretion of the trial judge on remand. What we do suggest is that because of the absence of a prior criminal record, a sentencing judge reasonably could conclude that appellant's crimes were "committed so closely in time and place as to indicate a single period of aberrant behavior" (Cal. Rules of Court, rule 425(a)(3)), which would tip the scale in favor of sentencing under section 1170.1, subdivision (a).

### No Separate Judicial Council Criteria Are Required

■ Appellant's argument that he could not be sentenced under section 667.6, subdivision (c), because the Judicial Council has failed to

adopt specific criteria to be considered by the trial judge in deciding whether to impose full, separate and consecutive terms is answered in *People* v. *Karsai*, 131 Cal.App.3d *supra*, at page 238: "Defendant contends that the trial court could not determine to sentence him under Penal Code section 667.6, subdivision (c), because the Judicial Council has not promulgated a specific sentencing rule applicable to that determination. We disagree. In California Rules of Court, rule 425, the Judicial Council set forth the factors which affect the decision to impose consecutive rather than concurrent sentences. The decision to sentence a defendant under Penal Code section 667.6, subdivision (c) rather than section 1170.1, is a decision concerning consecutive rather than concurrent sentencing, and the factors listed in rule 425 are the proper factors to consider in making that choice. It would be contrary to the legislative intent of Penal Code section 667.6, subdivision (c) to hold that a trial court could not exercise the discretion granted until the Judicial Council provides a specific rule governing that choice when the rule would of necessity be a mere reiteration of existing rule 425."[5]

Furthermore, it is apparent from the statutory scheme that the Legislature did not intend the Judicial Council to enact separate criteria for sentencing under section 667.6, subdivision (c). In 1976, as part of the Determinate Sentence Act to become effective July 1, 1977, the Legislature directed the Judicial Council to adopt criteria for "concurrent or consecutive sentences." (§ 1170.3, subd. (3), added by Stats. 1976, ch. 1139, § 273, p. 5145.) It did not amend the statute to require separate criteria for sentencing under section 667.6, subdivision (c) when it enacted the latter statute in 1979. (Stats. 1979, ch. 944, § 10, p. 3258.) Since we presume the Legislature was fully aware of existing law when it added section 667.6, subdivision (c) (see *Estate of McDill* (1975) 14 Cal.3d 831, 837-839 [122 Cal.Rptr. 754, 537 P.2d 874]), we can only presume the Legislature intended the existing Judicial Council criteria (rule 425) to cover sentencing under section 667.6, subdivision (c), as well as under section 1170.1, subdivision (a).

[5]Rule 425 is quite encompassing and provides ample criteria for imposing consecutive sentences. The criteria affecting the decision to impose consecutive rather than concurrent sentences include (a) facts relating to the crimes and (b) any circumstances in aggravation or mitigation. (See rules 421 and 423.) As *Karsai* alludes, it would be nearly impossible for the Judicial Council to formulate separate and distinct criteria for sentencing under section 667.6, subdivision (c), which did not include the circumstances contained in rules 421, 423 and 425. At best, the Judicial Council would have to isolate certain circumstances already contained in the existing criteria as being more egregious and thus justifying imposition of full, separate and consecutive terms under section 667.6, subdivision (c). The trial court is already permitted to isolate the most egregious circumstances. (See fn. 4, *ante*.)

### No Denial of Equal Protection

■ Appellant argues that the absence of separate Judicial Council criteria for sentencing under section 667.6, subdivision (c), deprives him of the equal protection of the laws. He asserts that as a person subject to sentencing for multiple sex offenses he is exposed to extremely heavy penalties with no uniform sentencing criteria, whereas all other persons convicted of felonies can be sentenced only pursuant to specified criteria. We reject appellant's argument for several reasons:

First, as outlined above, the existing criteria for imposing consecutive sentences under rule 425 are adequate and quite encompassing. The trial court is required to use these criteria and to further explain which circumstances justify imposition of consecutive sentences under section 667.6, subdivision (c). Thus, appellant will not be divested of the benefits that flow from the use of Judicial Council criteria during sentencing, i.e., uniformity and proportionality in sentencing and meaningful appellate review. Furthermore, rule 408(a) provides in part, "The enumeration in these rules of some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made." As long as these additional criteria are stated on the record by the sentencing judge, a defendant can be legitimately sentenced to full, separate and consecutive terms under section 667.6, subdivision (c), without the court having to recite the established Judicial Council criteria. Thus, the existence of rule 408 negates appellant's claim that separate Judicial Council criteria must exist before he can be sentenced.

Second, "The equality guaranteed by the equal protection clause is equality under the same conditions, and among persons similarly situated." (See 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 341, pp. 3635-3636 and cases cited therein.) Justice Frankfurter wrote over 40 years ago, "The equality at which the 'equal protection' clause aims is not a disembodied equality. The Fourteenth Amendment enjoins 'the equal protection of the laws,' and the laws are not abstract propositions. They do not relate to abstract units A, B and C, but are expressions of policy arising out of specific difficulties, addressed to the attainment of specific ends by the use of specific remedies. The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." (*Tigner* v. *Texas* (1940) 310 U.S. 141, 147 [84 L.Ed. 1124, 1128, 130 A.L.R. 1321].)

Appellant has failed to show that the members of his alleged class (those persons convicted of sex offenses enumerated in § 667.6, subd. (c)) are similarly situated to those persons convicted of other crimes. The Legislature chose to treat persons in appellant's class differently through the enactment of the unique sentencing procedure set forth in section 667.6, subdivision (c). Because the Legislature has the right to treat persons who are not similarly situated differently, they are not entitled to a separate set of criteria. Furthermore, the Legislature legitimately and constitutionally could have made the full, separate and consecutive terms under section 667.6, subdivision (c), *mandatory* as it did under subdivision (d) of that section. Instead, the Legislature recognized that both the offender and the crimes he commits vary greatly. Thus, the trial court is given broad discretion to sentence a multiple sex offender (where the crimes do *not* involve separate victims or the same victim on separate occasions) to concurrent, partial consecutive terms under section 1170.1, or full, separate and consecutive terms under section 667.6, subdivision (c). By requiring the court to separately state its reasons for sentencing under section 667.6, subdivision (c), we have reasonably construed the statute to avoid constitutional infirmity. (See 5 Witkin, Summary of Cal. Law, *supra*, Constitutional Law, § 69, p. 3308.)

### No Cruel and Unusual Punishment

Appellant's contention that his 21-year sentence under section 667.6, subdivision (c), constitutes cruel and unusual punishment is also answered in *People* v. *Karsai, supra*, at page 242: "In enacting Penal Code section 667.6 the Legislature has chosen to treat violent sex offenses and violent sex offenders in a manner differently than other types of offenses and offenders. The statute is directed at recidivism by providing for longer enhancements for prior convictions of the same type of offense. The statute is directed at multiplicity of offenses by providing for full, separate, consecutive sentencing. In view of the outrageous nature of violent sexual offenses and the manifest danger to society from recidivism and multiplicity of offenses, we cannot say that the severity of the punishment is so disproportionate to the crimes so as to shock the conscience and offend fundamental notions of human dignity."

### Imposition of the Upper Base Term for the Sodomy Conviction Was Proper

Appellant next contends the trial court stated insufficient reasons for imposing the upper base term for the sodomy conviction. Prior to sen-

tencing, the court noted it had read the mitigating factors contained in the probation officer's report (Cal. Rules of Court, rule 423(b)(1) [no prior criminal record], (b)(3) [voluntarily acknowledged wrongdoing at early stage in the criminal process]) and had considered the testimony of the witnesses at the sentencing hearing who indicated that appellant had never been known to commit any violent act upon a person nor was he known to pose a threat to society. Nevertheless, the court felt compelled to follow the recommendation of the probation department and ruled: "It is the judgment and sentence of this court. that for the crime of sodomy in concert ... that the defendant be imprisoned in the state prison for the upper or aggravated term of the base sentence which is nine years for the following reasons: the crime involved great violence, great bodily harm, and disclosed a high degree of cruelty, viciousness and/or callous[ness]. The defendant used shoes to beat his victim around the buttocks during the commission of the instant crime. [Cal. Rules of Court, rule 421(a)(1).] The victim was particularly vulnerable being a young female home alone at night [rule 421(a)(3)]. The defendant induced another to participate in the crime and occupied a position of leadership and dominance [rule 421(a)(5)]. Finally the method in which the crimes were carried out indicated that they were premeditated [rule 421(a)(8)]."

■ Appellant argues the court failed to comply with rule 421(a)(1) when it stated, "The crime involved great violence, *great bodily harm*, and disclosed a high degree of cruelty, viciousness, and callous[ness]." (Italics added.) Appellant focuses upon the phrase "great bodily harm" and argues that under *People v. Caudillo* (1978) 21 Cal.3d 562, 575 [146 Cal.Rptr. 859, 580 P.2d 274], Louise did not suffer great bodily harm.

Appellant's acts, however, did not have to constitute "great bodily injury" under *Caudillo*. Rule 421(a)(1) provides in the *alternative* that, "The crime involved great violence, great bodily harm,. threat of great bodily harm, or acts disclosing a high degree of cruelty, viciousness or callousness, *whether or not charged or chargeable as an enhancement under section 12022.7.*" (Italics added.) As *People v. Hawk* (1979) 91 Cal.App.3d 938, 940-941 [154 Cal.Rptr. 773] points out, the term "viciousness and callousness" under rule 421(a)(1) is separate from and not synonymous with "great bodily harm." Hence, the trial court did not have to make the determination of whether there was great bodily harm. From the record it appears the court found that appellant's act of beating the victim on the buttocks with a shoe 'while she was being

forced to engage in sexual intercourse with Simpson, constituted a high degree of cruelty, viciousness and callousness. We conclude the trial court did not abuse its discretion in finding this aggravating factor present under rule 421(a)(1).

■ Appellant contends that rule 421(a)(3) was inapplicable because the victim was not "particularly vulnerable," i.e., the facts must demonstrate she was more than vulnerable in the inherent sense of any victim. The trial court's conclusion that Louise was "particularly vulnerable being a young female home alone at night," adequately sets forth an adequate factual basis for concluding that Louise was more vulnerable than the average victim. In addition, Louise's vulnerability was enhanced by appellant's act of cutting the telephone cord so she could not call for help.

■ Appellant contends the court's reference to "the method in which the *crimes* were carried out indicated they were premeditated" (italics added) constituted an impermissible use of rule 421(a)(8), because the use of the word "crimes" shows the trial court was referring to the consecutive offenses of rape and oral copulation to aggravate the base term for sodomy. It is an impermissible dual use of facts for a court to impose an upper term by using the same fact used to enhance the sentence. (*People* v. *Lawson* (1980) 107 Cal.App.3d 748, 751 [165 Cal.Rptr. 764]; § 1170, subd. (b).) As the respondent points out, however, the reference to the word "crimes" in context was not a reference to the other crimes to the exclusion of the sodomy conviction. We have already suggested that appellant's crimes were arguably committed so closely in time and place as to indicate a single period of aberrant behavior. At worst the trial court stated that all of the crimes including the sodomy conviction indicated premeditation, a proper factor under rule 421(a)(8).

Appellant correctly argues the trial court erred in finding appellant beat the victim around the buttocks with shoes during the sodomy. (This occurred during the rape by appellant's accomplice.) Nevertheless, before appellant sodomized Louise the first time, he slapped her face, choked her and hit her in the nose with his fist. Thus, any error in considering the shoe incident in aggravating the sodomy term was harmless.

The judgment is affirmed, and the matter is remanded to the trial court for resentencing. The trial court is directed to reconsider the ques-

tion whether appellant should be given concurrent or consecutive sentences; if consecutive, whether to sentence appellant under section 1170.1, subdivision (a), or section 667.6, subdivision (c). In deciding the latter question, the court is directed to consider the fact that appellant has no prior record as contrasted with the defendant in *People* v. *Karsai, supra*, 131 Cal.App.3d 224. The court shall state its reasons for its sentencing choice.

Andreen, J., and Morony, J.,* concurred.

A petition for a rehearing was denied September 21, 1982.

*Assigned by the Chairperson of the Judicial Council.