[Crim. No. 41981. Second Dist., Div. Five. Nov. 15, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DWAYNE WILLIAM THOMPSON, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Rosendo Pena, Jr., Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, John R. Gorey and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HASTINGS, J.—Defendant pled guilty to two counts of burglary (counts I & V—Pen. Code, § 459); two counts of oral copulation (counts II & VI—Pen. Code, § 288a, subds. (d) & (c)); two counts of forcible rape (counts III & VII—Pen. Code, § 261, subds. (2) & (3)); and two counts of robbery (counts IV & VIII—Pen. Code, § 211). In addition defendant admitted using a knife in the commission of the above offenses (Pen. Code, §§ 12022, subd. (b)/12022.3). Probation was denied and he was sentenced to state prison for a maximum term of 31 years.[1] He now appeals contending (1) the trial court erroneously failed to exercise its discretion in sentencing defendant to state prison, and (2) the trial court erroneously failed to consider, as mitigating factors, that defendant has no prior record and was addicted to cocaine at the time of the offenses.

On November 15, 1980, defendant burglarized, robbed, raped, and forced Rosalie P. to orally copulate him while he personally used a knife. On December 11, 1980, defendant burglarized, robbed, raped, and forced Carmelita L. to orally copulate him while he personally used a knife.

The court, at the time of sentencing, stated: ". . . On Count VI, the violation of Section 288, Subdivision c, the Court will impose the mid term of six years. That six years will run consecutive to the 16 years [imposed for counts II & III] and under [Penal Code] Section 667.6,[2] it is mandatory that the consecutive

---

[1] Count II (oral copulation) was selected as the base term and he was sentenced to seven years plus a three-year enhancement (Pen. Code, § 12022.3). As to count III (forcible rape), he was sentenced to six years to run consecutive to count II. As to count VI (oral copulation), he was sentenced to six years plus a three-year enhancement (Pen. Code, § 12022.3) to run consecutive to count II. As to count VII (forcible rape), he was sentenced to six years to run consecutive to count II. As to counts I, IV, V, and VIII and the related "use" allegations, defendant was sentenced to concurrent terms which were stayed. The use allegations which related to counts III and VII were also stayed.

[2] Penal Code section 667.6 in pertinent part states: "(c) In lieu of the term provided in Section

term be imposed. [¶] I might add at this time that the Court imposed the six years on Count III under the same Code Section, 667.6. [¶] So we have the 16 plus the six, which is 22 years. . . . On Count VII, the forcible rape, the Court will impose the mid term of six years, and again under 667.6, that six years is to run consecutive to the sentence imposed on count II. . . ."

Defendant asserts that because the court mentioned the "mandatory" provision (subd. (d)) of section 667.6 at the time it imposed the consecutive sentence for count VI (oral copulation of Carmelita L.), it must have "mistakenly believed" that it was "required to sentence" him to full, separate and consecutive terms on each of the four sex offense counts. He states that one act of oral copulation and one act of rape (counts II & III) was committed against Rosalie P. and one act of oral copulation and one act of rape (counts VI & VII) was committed against Carmelita L.; that as to each victim, all of the acts were committed on *"one* occasion"; therefore, "the trial court was only required to sentence [defendant] to full, separate and consecutive terms on one count of oral copulation *or* rape as to Rosalie and one count of oral copulation *or* rape as to Carmelita, not on each of the four counts as the trial court believed."

In sentencing defendant, the court went through each count as it related to the individual victims. It chose count II (oral copulation of Rosalie P.) as the base term. Count VI was an offense against a separate victim (Carmelita L.); therefore, section 667.6, subdivision (d) was applicable, and the court was correct in imposing a consecutive term. However, in imposing full, separate and consecutive terms on counts III and VII, it is unclear whether the court was referring to subdivision (c) of section 667.6 or the mandatory provision of subdivision (d) of that section. The court merely stated that the sentences were to run consecutively "under section 667.6."

Since counts III and VII were offenses against the same victim on the same occasion,[3] the trial court had the discretion to impose sentence under subdivision (c) of section 667.6 in lieu of Penal Code section 1170.1, under which a less lengthy term could be received. (*People* v. *Karsai* (1982) 131 Cal.App.3d 224, 238 [182 Cal.Rptr. 406].) The mandatory provision of subdivision (d) could not properly be applied.

---

1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, . . . whether or not the crimes were committed during a single transaction. . . .

"(d) A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions."

[3]Count III was the second offense (rape) against Rosalie P., and count VII was the second offense (rape) against Carmelita L.

However, as defendant argues in his reply brief, if the court was in fact referring to subdivision (c), it was required to give a statement of reasons therefor. (*People* v. *Karsai, supra,* at p. 238; *People* v. *Wilson* (1982) 135 Cal.App.3d 343, 352 [185 Cal.Rptr. 498].) This the court did not do. Consequently, the case must be remanded for resentencing to determine if the trial court was imposing consecutive sentences under subdivision (c) of section 667.6 and if so, for reasons as to why this choice was made.

■ Defendant also contends that at sentencing the trial court erroneously failed to consider as mitigating factors the fact he had no prior record and was addicted to cocaine at the time of the offenses.

In sentencing defendant to the middle terms on the sex offenses, the court stated, "the Court finds no mitigation, no aggravation."

The trial court must state reasons for granting or denying probation, but once it denies probation it need only state further reasons if it does *not* impose the middle term. (*People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10].)

Here, the court denied probation because of "the seriousness of the offenses." No statement of reasons for selection of the middle term was necessary. In finding "no mitigation, no aggravation," the court obviously determined that after considering all the circumstances, including those which could mitigate or aggravate, on balance, the facts did not weigh in favor of either aggravation or mitigation of the sentence. In stating "no mitigation" the court was merely rejecting the mitigating influences as being insignificant. (*People* v. *Boerner* (1981) 120 Cal.App.3d 506, 510, fn. 4 [174 Cal.Rptr. 629]; *People* v. *Regalado* (1980) 108 Cal.App.3d 531, 538-539 [166 Cal.Rptr. 614].) It then properly selected the middle term. "There is no requirement the court indicate its reasons for rejecting a mitigating factor." (*People* v. *Davis* (1980) 103 Cal.App.3d 270, 281 [163 Cal.Rptr. 22].)

The judgment is reversed solely for resentencing in harmony with this opinion; in all other respects, the judgment is affirmed.

Feinerman, P. J., and Stephens, J., concurred.