[No. AO16639. First Dist., Div. Four. Mar. 4, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD FLEMING, Defendant and Appellant.

**[Opinion certified for partial publication.]**

COUNSEL

Philip H. Pennypacker and Daniel Costello for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Ronald Smetana, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.**—Harold Fleming appeals from a judgment of imprisonment rendered after a jury found him guilty of one count of robbery (Pen. Code, § 211), four counts of oral copulation in concert (Pen. Code, § 288a, subd. (d)), two counts of forcible rape in concert (Pen. Code, §§ 261, subd. (2), 264.1), one count of grand theft (Pen. Code, §§ 484-487), two counts of credit card forgery (Pen. Code, § 484f), and one count of oral copulation by force (Pen. Code, § 288a, subd. (c)).

Appellant and two other persons picked up the victim, a 20-year-old girl who was hitchhiking, and abused her repeatedly over a period of hours, forcing her to submit to the charged sex offenses. Appellant and the others also forced the victim to steal credit cards and use them for the benefit of her captors. The victim eventually escaped and reported the crimes to the police.

Appellant and his confederates were immediately arrested. Sergeant Gomes advised appellant of his rights and interrogated him. Appellant admitted the charged acts but sought to excuse himself by attributing a leading role in the incidents to one of the confederates, a woman named Cheryl.

Appellant testified at trial denying that he had participated in the robbery involving the victim's purse and claiming that the victim's participation in the charged sex acts had been voluntary. Appellant also claimed that the victim had passed up several opportunities to get away.

I.*

II.

Appellant contends that the court should have ordered a psychiatric examination of the victim. Penal Code section 1112, enacted in 1980, provides:

---

*Part I. was not certified for publication. See page 546, *post*.

"The trial court shall not order any prosecuting witness, complaining witness, or any other witness, or victim in any sexual assault prosecution to submit to a psychiatric or psychological examination for the purpose of assessing his or her credibility." As noted by the Supreme Court in *People* v. *Haskett* (1982) 30 Cal.3d 841, 859, fn. 7 [180 Cal.Rptr. 640, 640 P.2d 776], the statute "legislatively overrule[s]" former case law recognizing trial court discretion to compel such an examination in a sex offense case. (See *Ballard* v. *Superior Court* (1966) 64 Cal.2d 159 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) On that basis the trial court denied appellant's motion under *Ballard* to compel the victim to submit to a psychiatric examination.

■ Appellant maintains section 1112 unconstitutionally deprives defendants in sex offense prosecutions of their right to compulsory process. But *Ballard* only established an exception for sex offense cases to the general rule disfavoring psychiatric evidence of credibility. The courts have generally excluded such evidence out of concern that "expert" testimony on credibility will not assist jurors in performing their function of independently assessing witness credibility. (*Ballard* v. *Superior Court, supra,* 64 Cal.2d 159, 174-175; see *In re Darrell T.* (1979) 90 Cal.App.3d 325, 335-336 [153 Cal.Rptr. 261]; *People* v. *Manson* (1976) 61 Cal.App.3d 102, 137 [132 Cal.Rptr. 265], cert. den. (1977) 430 U.S. 986 [52 L.Ed.2d 382, 97 S.Ct. 1686]; *People* v. *Johnson* (1974) 38 Cal.App.3d 1, 7 [112 Cal.Rptr. 834]; *People* v. *Bell* (1955) 138 Cal.App.2d 7, 12 [291 P.2d 150].) No unconstitutional disparity in treatment of sex charges as contrasted with other crimes is created by section 1112.

A controversy similar to the instant one arose after the Legislature amended Evidence Code section 1103 to bar admission of evidence of the complainant's past sexual conduct as proof of character in most sex offense prosecutions. *People* v. *Blackburn* (1976) 56 Cal.App.3d 685 [128 Cal.Rptr. 864], sustained the constitutionality of the amended statute. "Since the due process right to a fair trial does not require that all relevant evidence that may tend to exonerate a defendant be received and since the evidence barred by subdivision (2) of Evidence Code section 1103 is of limited probative value at best, subdivision (2) does not deprive the defendant charged with the crime of rape of a fair trial." (*People* v. *Blackburn, supra,* 56 Cal.App.3d 685, 691.)

For the same reasons, Penal Code section 1112 is not constitutionally infirm. Under almost every rule of evidence, some arguably relevant material is excluded. The confrontation and due process clauses do not prohibit a Legislature from determining that a certain class of evidence is generally unreliable or excessively prejudicial and barring its use altogether. ■ Defense counsel was permitted to employ all the traditional techniques of impeachment during the cross-examination of the victim. No restriction of appellant's right to confrontation of his accuser or to compulsory process occurred.

III.-VI.*

VII.

■ The court ordered the terms on the 7 sex offense convictions to run consecutively; these represent 48 years of the 51-year sentence appellant received. In explaining this sentence choice, the court stated only that it was relying upon subdivision (d) of Penal Code section 667.6. Under subdivision (c), pertaining to sex offenses committed "during a single transaction," consecutive sentencing is permissive; under subdivision (d)—offenses "on separate occasions"—it is mandatory.[1] Clearly both provisions were applicable to aspects of this set of facts. We can discern at most three "separate occasions" on which offenses were committed—two oral copulations in concert and one forcible rape at the house, two oral copulations in concert in the motel early in the evening, and one forcible oral copulation and one forcible rape in the motel several hours later. To characterize sexual acts occurring within a few moments or even a few seconds of each other, such as those at the house, as offenses committed on "separate occasions," is to rob that term of any meaning. A basic rule of statutory interpretation is that courts should avoid a construction which renders a part of a statute "surplusage." (See *People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].) ■ Applying subdivision (d) to acts committed within minutes of each other leaves no room for permissive imposition of consecutive sentences under subdivision (c). Consequently, we conclude that some intervening events or passage of time must occur between sexual offenses before subdivision (d) is applicable.

■ Under subdivision (d) the court could, without further elaboration, sentence appellant to 3 consecutive terms (or 21 years). It also possessed discretionary power, under subdivision (c), to order consecutive terms for the remaining four counts. ■ Consecutive sentencing under subdivision (c), however, represents a "sentence choice" within the meaning of Penal Code section 1170, subdivision (c). It is incumbent upon a court to articulate on the record its reasons for that decision. (*People* v. *Thompson* (1982) 138 Cal. App.3d 123, 126-127 [187 Cal.Rptr. 612]; *People* v. *Wilson* (1982) 135 Cal.

---

*Parts III.-VI. were not certified for publication. See page 546, *post*.

[1]Penal Code section 667.6 provides in pertinent part: "(c) In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term *may* be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction. . . .

"(d) A full, separate, and consecutive term *shall* be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions." (Italics added.)

App.3d 343, 352 [185 Cal.Rptr. 498]. As the court believed subdivision (d) required all seven terms to run consecutively, it gave no indication which factors might justify discretionary consecutive sentencing under subdivision (c).

Consecutive terms for one offense from each "separate occasion" were mandated by subdivision (d). Consequently, three of the seven-year sentences—two for forcible rape (the house in the afternoon and the motel late at night) and one for oral copulation in concert (the motel in the evening)—were unaffected by the court's error. With respect to the remaining three counts of oral copulation in concert and one count of forcible oral copulation, the cause must be remanded to the trial court for exercise of discretion in resentencing, with articulation on the record of the reasons underlying its choices.

Parts I, III, IV, V and VI of this opinion are not published as those portions do not meet the standards for publication. (Cal. Rules of Court, rules 976, 976.1.)

The judgment is affirmed with respect to the determination of guilt. The cause is remanded to the trial court with directions to rearraign appellant and determine in the exercise of discretion, whether to impose consecutive terms for three counts of oral copulation in concert and one count of forcible oral copulation. The court will state reasons for those sentence choices.

Caldecott, P. J., and Poché, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 1, 1983. Mosk, J., and Kaus, J. were of the opinion that the petition should be granted.