[Crim. No. 44060. Second Dist., Div. Four. Sept. 21, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID FRANK LOPEZ, Defendant and Respondent.

COUNSEL

Robert H. Philibosian, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Roderick W. Leonard, Deputy District Attorneys, for Plaintiff and Appellant.

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—The People appeal from the sentence pronounced in a felony case. We affirm the judgment.

Defendant was charged with robbery, in violation of section 211 of the Penal Code. Two prior convictions for robbery were also alleged. Defendant pled nolo contendere to the robbery charge and admitted the two priors. He was sentenced to the upper term of five years on the robbery; the trial court stayed imposition of sentence on the two priors.

On this appeal, the People contend that imposition of sentence on the priors was mandatory. We disagree.

Section 667 of the Penal Code, added by the initiative measure known as Proposition 8, provides, in pertinent part, as follows: "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

■ Robbery is a "serious felony" within the meaning of that section.

It cannot be contested that, by the use of the word "shall" the imposition of the enhancements herein involved is mandatory. On this appeal, defendant contends: (1) that the enhancements constitute "cruel and unusual" punishment and (2) that, in any event, the trial court has jurisdiction, in its discretion, either to strike, or to stay the execution of, the enhancements.

### I

■ We conclude that the 2 five-year enhancements do not violate the constitutional provision against cruel and unusual punishments. The imposition of extended sentences for recidivists has been upheld by the United States Supreme Court where, as here, the defendant is eligible for parole. (*Rummel* v. *Estelle* (1980) 445 U.S. 263, 301 [63 L.Ed.2d 382, 407, 100 S.Ct. 1133].)

### II

■ Admittedly, subdivision (h) of section 1170.1 of the Penal Code, which authorizes a trial court to strike certain enhancements, does not refer to Penal Code section 667, although it does refer to Penal Code section 667.5, another provision dealing with recidivists. The People here lay stress on the language of subdivision (f) of section 28, of article I of the state Constitution, also adopted as part of the initiative measure which adopted

Penal Code section 667. That subdivision reads as follows: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."

The import of that language is not entirely clear. The law prior to the adoption of Proposition 8 limited the use of prior convictions in certain cases because of the nature of the crimes involved or the length of time since the prior conviction had taken place. In *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029] the Supreme Court, in an elaborate opinion, held that, although Penal Code sections 190-190.5 made no reference to striking, and provided that certain "special circumstances" *shall* be utilized, a trial court's power under section 1385 of the Penal Code remained. ■ It is a long standing rule of construction that a statute should be interpreted favorably to a defendant. ■ In light of the ambiguity of the "without limitation" phrase above pointed out, we conclude that, as in *Williams,* the statute lacks sufficiently express language to prevent a trial court from striking, or otherwise rendering unenforceable, the enhancements provided for in section 667.

Although the judgment here, which "stayed" the imposition of sentence on the priors did not, in terms, "strike" the allegations, it had a lesser effect. Since we conclude that the trial court could, under Penal Code section 1385 as construed and applied in *Williams,* have stricken the enhancements, it follows that the lesser order here was within the discretion of the trial court.[1]

The judgment is affirmed.

McClosky, J., and Amerian, J., concurred.

A petition for a rehearing was denied September 29, 1983, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1983.

---

[1]The People do not contend that, if the trial court did have discretion, it was here abused.