[No. A020068. First Dist., Div. Four. May 8, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ANDREW SMITH, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Peter R. Silten, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John B. Moy and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

POCHÉ, J.—Michael Andrew Smith appeals from a judgment of conviction entered on his plea of nolo contendere to robbery (Pen. Code, § 211)[1]

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

(count III), oral copulation in concert (§ 288a, subd. (d)) (count IV), rape in concert (§§ 261, subd. (2), 264.1) (counts V, VI), and sodomy in concert (§ 286, subd. (d)) (count VII). We affirm.

## Review

The trial court sentenced defendant to state prison for the lower base term of five years on the oral copulation conviction. The court next imposed two fully consecutive five-year lower base terms for the rape convictions. Sentence on the remaining convictions (robbery and sodomy) was ordered stayed.

The court did not indicate whether it was acting pursuant to the mandate of subdivision (d)[2] of section 667.6 or under the discretionary power of subdivision (c) in imposing the full consecutive terms.

The imposition of full separate and consecutive terms is mandated by subdivision (d) whenever the multiple sexual offenses involve either "separate victims" or "the same victim on separate occasions." ■ Where the court sentences under that subdivision, it is not required to state reasons for imposing a full consecutive sentence. (See *People* v. *Fleming* (1983) 140 Cal.App.3d 540, 546 [189 Cal Rptr. 619]; *People* v. *Thompson* (1982) 138 Cal.App.3d 123, 126 [187 Cal.Rptr. 612].) By contrast where the court acts under the authority of subdivision (c) not only must it give reasons for imposing a consecutive sentence (*People* v. *Fleming, supra,* 140 Cal.App.3d at pp. 546-547; *People* v. *Thompson, supra,* 138 Cal.App.3d at pp. 126-127; *People* v. *Wilson* (1982) 135 Cal.App.3d 343, 352 [185 Cal.Rptr. 498]) it must also give a statement of reasons for imposing full consecutive terms under that subdivision instead of imposing consecutive sentences under the principal/subordinate scheme of section 1170.1, subdivision (a). (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 347 [193 Cal.Rptr. 882, 667 P.2d 686].)

---

[2]Subdivision (c) of section 667.6 provides in pertinent part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm *whether or not the crimes were committed during a single transaction. . . .*" (Italics added.)

Subdivision (d) of section 667.6 provides in pertinent part: "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm *if such crimes involve separate victims or involve the same victim on separate occasions. . . .*" (Italics added.)

Both subdivisions (c) and (d) were enacted as part of chapter 944 of the 1979 Statutes, which was an extensive revision of legislation concerning sex crimes. (See *Selected 1979 California Legislation* (1979) 11 Pacific L.J. 429.)

Subdivision (d) of section 667.6 comes into operation only in two situations: where there are multiple victims or where the crimes were committed with "the same victim on separate occasions." Because there was only one victim in the instant case, only the use of the latter category is in question.

The charged sex crimes occurred over the course of a two-hour crime spree during which the victim was transported from San Mateo to Palo Alto, forcibly taken into a residence, and then forcibly taken back to the car. A short time later the car was stopped by the police.

Can those crimes be characterized as having occurred with "the same victim on *separate occasions*"? Both the statute and its legislative history are silent on the meaning of the term "separate occasions."

If this court were allowed to simply use common parlance it would not be difficult to say that the oral copulation and each of the rapes involved here were crimes involving the same victim "on separate occasions." But if that were done it would become next to impossible to distinguish the circumstances under which sentencing courts would under subdivision (c) have discretion to impose full, separate and consecutive terms for such sex crimes when "committed during a single transaction." In order to give any intelligent reading to both of these subdivisions of section 667.6 the term "on separate occasions" contained in subdivision (d) must be something different in kind from what is called "a single transaction" in subdivision (c). What is mandatory cannot also be discretionary.

Common idiom also does not help much when section 667.6, subdivision (d) is read in context with section 654. The former requires consecutive sentencing for certain sex crimes if they involve the same victim on separate occasions while the latter forbids any type of multiple punishment—certainly including full separate consecutive terms—for crimes occurring during a single transaction.

Even without the complications of subdivision (d) the practical problems facing sentencing courts in determining whether section 654's prohibitions apply to a particular series of sex crimes are substantial. For example, the prohibition of section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which constituted one indivisible transaction although involving a violation of more than one statute. (*People* v. *Beamon* (1973) 8 Cal.3d 625, 639-640 [105 Cal.Rptr. 681, 504 P.2d 905]; *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839], cert. den., 365 U.S. 823 [5 L.Ed.2d 700, 81 S.Ct. 708].) Additionally, for purposes of multiple sex offenses with one victim over the course of one hour, each offense is deemed

divisible and hence punishable where "[n]one . . . was committed as a means of committing any other, none facilitated commission of any other, and none was incidental to the commission of any other." (*People* v. *Perez* (1979) 23 Cal.3d 545, 553-554 [153 Cal.Rptr. 40, 591 P.2d 63]; see also *People* v. *Clem* (1980) 104 Cal.App.3d 337, 3.11, 346-347 [163 Cal.Rptr. 553] [multiple rapes over two-and-one-half-hour period separately punishable].)

■ In our view subdivision (d) when juxtaposed on section 654's complexities and when read in conjunction with subdivision (c) makes apparent that the Legislature had in mind that full consecutive terms for the described sex crimes with a single victim would be required only in situations where a significant period of time elapsed between the crimes. (Accord *People* v. *Collins* (1983) 143 Cal.App.3d 742, 744, 746 [192 Cal.Rptr. 101] [multiple sex acts with one victim over two-to three-hour period was an "insufficient lapse of time between each of his specific acts to treat those acts as having occurred on separate occasions"].) Certainly that standard would be met where the victim and the perpetrator have been separate and apart as in the situation where the same person breaks into the victim's home on successive nights and commits rape. Here the various offenses occurred during the course of two hours. The period of interruption between and among these outrages was only slight and at no point in any real sense were the victim and defendant separate and apart. Unfortunately we cannot give a clearer test to sentencing courts since there is no legislative history to enlighten or to fill in the interstices of these statutory monuments. We do suggest that once a sentencing court determines that full consecutive term sentencing is required by subdivision (d) of section 667.6 it should say so and should then also state whether it would impose the same sentencing under the discretionary provisions of subdivision (c) and, if so, why.

■ The determination that subdivision (d) does not apply to the instant situation is not a finding that the sentence itself was improper. Defendant's conduct in perpetrating the oral copulation offense and the two rape offenses on the same victim easily qualified for full, separate and consecutive term sentencing under subdivision (c). The only question is whether the trial court gave a sufficient statement of reasons for imposing full consecutive sentences pursuant to that subdivision.

■ In imposing a consecutive sentence under count V no reason was given; a consecutive sentence under count VI was imposed "because of the nature of the crimes." Defendant urges that that statement of reasons was insufficient. We agree. Although the court is not required to state a separate reason for each consecutive sentence (cf. *People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 705 [173 Cal.Rptr. 71]) it is required to give a sufficient

reason: the nature of the crime is not one. (Cal. Rules of Court, rules 425(b), 421; *People* v. *Salazar* (1980) 108 Cal.App.3d 992, 1000 [167 Cal.Rptr. 38].)

 Nevertheless, the error in failing to set forth a sufficient reason for imposing consecutive sentences is harmless under the circumstances. The trial court indicated its intent to sentence defendant to the 15-year maximum agreed to under the plea bargain:[3] "It's my intent . . . to sentence to fifteen years." In denying probation, the court cited his multiple adult convictions and his failure on probation. Either of those grounds would be sufficient to impose consecutive sentences. That remains true even if such grounds are also employed to deny probation. (Cf. Cal. Rules of Court, rule 441(a) [court may use same fact used to deny probation to impose an enhancement].) In addition, the same reason used to impose a consecutive sentence may also be used to impose a full separate consecutive sentence under section 667.6, subdivision (c) instead of a consecutive sentence under the principal/subordinate scheme of section 1170.1. (*People* v. *Belmontes, supra,* 34 Cal.3d at p. 348.)

To summarize: in light of the trial court's articulation of its intent to impose a full 15-year term and because adequate reasons for imposing full consecutive sentences on counts V and VI existed in abundance, the error in failing to state those reasons does not require a remand for resentencing. A result more favorable to defendant is not reasonably probable. (Cf. *People* v. *Wright* (1982) 30 Cal.3d 705, 714 [180 Cal.Rptr. 196, 639 P.2d 267]; *People* v. *Skenandore* (1982) 137 Cal.App.3d 922, 925 [187 Cal.Rptr. 368].)

The judgment is affirmed.

Caldecott, P. J., and Panelli, J., concurred.

---

[3]The sentence bargain was that defendant would be sentenced to no more than 15 years in state prison.

Indeed the court had second thoughts about why it had agreed to a 15-year maximum term: "I must acknowledge, upon reconsideration of the facts of the case, I'm not sure why I agreed to the limitations—but I did, and I'm prepared to abide by that."