[No. D000329. Fourth Dist., Div. One. Apr. 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MATT LYON WILLIAMS, Defendant and Appellant.

COUNSEL

Scott, Persinger, Muehl & Kebre and R. E. Scott for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven H. Zeigen, Edward J. Mantyla, Jay M. Bloom and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STANIFORTH, J.**—Matt Lyon Williams pleaded guilty in municipal court to the felony charges of oral copulation of Gloria F. on August 27, 1982 (Pen. Code, § 288a, subd. (c)) (count three), rape of the same victim on the same occasion (Pen. Code, § 261, subd. (2)) (count four) and oral copulation on victim Kay R. occurring April 18, 1983 (count eight). On sentencing before the same judge assigned to the superior court, Williams was denied probation, and the aggravated terms of eight years on counts three, four and eight plus an additional five years for an enhancement for a prior felony were each imposed to be served consecutively. Williams was given 120 days' credit for time served. Williams appeals, charging sentencing errors.

### FACTS

Gloria F. was sleeping in her home with her daughter when Williams entered her house and forced her to orally copulate him and then forced her to engage in sexual intercourse. He took her to a hallway and again forced

her to orally copulate him and again engaged in a forced act of sexual intercourse.

Kay R. reported that on April 14, 1983, she was sleeping in her residence with her 11-year-old son when Williams sexually assaulted her, orally copulated her and then forced her to orally copulate him and then compelled her to engage in sexual intercourse. During this attack the victim's daughter returned with her boyfriend and following a fight with the boyfriend, Williams was chased from the scene and made his escape. However, an automobile located near the scene was traced to him and he was identified by both victims. Williams admits the offenses.

I

Williams concedes full and consecutive sentences are required as to counts three *or* four *and* count eight by Penal Code section 667.6, subdivision (d), which provides in relevant part: "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions."

However, with respect to counts three *and* four, he correctly asserts "the mandatory requirements of Section 667.6(d) P.C. do not apply" because these two sexual assaults occurred on the same occasion. *People* v. *Fleming* (1983) 140 Cal.App.3d 540, 545 [189 Cal.Rptr. 619], states "that some intervening events or passage of time must occur between sexual offenses before subdivision (d) is applicable." █ As between counts three and four, consecutive sentences *may* be imposed under section 667.6, subdivision (c). However, consecutive sentencing under subdivision (c) represents a sentence choice within the meaning of Penal Code section 1170, subdivision (c). Therefore it is necessary for the sentencing court to articulate on the record its reasons for that choice. (*People* v. *Thompson* (1982) 138 Cal.App.3d 123, 126-127 [187 Cal.Rptr. 612]; *People* v. *Fleming, supra,* 140 Cal.App.3d 540; *People* v. *Belmontes* (1983) 34 Cal.3d 335, 343, 349 [193 Cal.Rptr. 882, 667 P.2d 686].) There is the further rule where this choice is not articulated on the record, the consecutive sentences under subdivision (c) need not be reversed or remanded for resentencing if the record reflects the sentencing court clearly states it would not have exercised its discretion to sentence under Penal Code section 1170.1 had it been aware it had such discretion. (*People* v. *Belmontes, supra,* at p. 348, fn. 8.)

■ It does not appear in this record the sentencing court was aware of the discretion it had to sentence under 1170.1 and/or section 667.6, subdivisions (c) and (d). Therefore it is necessary to remand this cause to give the sentencing court the opportunity to exercise its discretion whether to sentence on counts three and four pursuant to section 1170.1 rather than 667.6, subdivision (c). (*People* v. *Walker* (1978) 83 Cal.App.3d 619 [148 Cal.Rptr. 66]; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693 [173 Cal.Rptr. 71].) Furthermore, if the court chooses to sentence consecutively under section 667.6, subdivision (c), it is exercising a second sentencing choice and therefore a statement of reasons is further required for this particular sentence choice.

■ For guidance of the trial court we cite the language of *People* v. *Belmontes, supra*: "The ideal method of proceeding would be for the trial court first to decide generally between concurrent and consecutive terms, following the criteria listed in rule 425. Once the court has decided to sentence a defendant to consecutive terms and has stated its reasons therefor, it then must decide whether the consecutive terms should be under the principal/subordinate scheme of section 1170.1 or under the full and separate term scheme of section 667.6, subdivision (c). If the latter is chosen, the reasons therefor should be stated for the record. This decision, of course, should be made very carefully, for the Legislature obviously intended by the alternative language in section 667.6, subdivision (c) that this more punitive provision be reserved for the more serious sex offenders. [Citation.]" (34 Cal.3d 335, 348-349.) The sentencing court failed in toto to fulfill either of these duties.

■ The sentencing court erred further when it utilized some of the traditional factors which authorize consecutive sentencing in imposing the aggravated terms for the three offenses. For example, there were two separate victims (see Cal. Rules of Court, rule 425(a)(4)), both victims were particularly vulnerable (*ibid.*), and Williams reflected a pattern of violent conduct (rule 425(a)(2)). However, the court may not use these same factors to choose the aggravated sentence and to impose a consecutive sentence. (*People* v. *Skenandore* (1982) 137 Cal.App.3d 922 [187 Cal.Rptr. 368]; *People* v. *Cheeks* (1982) 135 Cal.App.3d 826 [185 Cal.Rptr. 496].) It is true this latter error is purely technical in nature. The court needlessly stated several valid aggravating factors thus limiting those otherwise available for purposes of consecutive sentencing. It is reasonably certain if the matter is remanded for resentence on this particular point the trial court would merely omit any reference to certain of the factors in aggravation and would use them as a circumstance as a basis for consecutive sentence and could properly reach the same result. In such cases the harmless error rule applies. (*People* v. *Jones* (1981) 126 Cal.App.3d 308. 318 [178 Cal.Rptr. 818].)

The question in each case is whether on remand a result more favorable to the defendant is reasonably probable. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) In light of remand for required exercise of discretion in toto in other sentence choice areas we cannot determine whether a more favorable result is more likely or unlikely.

## II

The sentencing court aggravated Williams's sentence because the victims were particularly vulnerable (Cal. Rules of Court, rule 421(a)(3)), there were two separate victims (rule 421(a)(4)), *defendant engaged in a pattern of violent conduct with prior armed robbery and prior conviction for prowling* (rule 421(b)(1)), defendant manifested a danger to others (rule 421(b)(2)), and because of the nature and seriousness of the crime (rule 421(a)(1)).

At the same time the court imposed a five-year enhancement pursuant to Penal Code section 667 because of the prior conviction of section 211, armed robbery. The court's own language shows the aggravated sentence was imposed because of the prior armed robbery conviction and the pattern of violent conduct. Dual use of facts is improper under section 1170, subdivision (b). For this further reason the matter must be sent back for resentencing.

## III

At the time of sentencing Williams sought to strike the prior enhancement but to no avail. The court refused to exercise the discretion it did not realize it had. The court concluded it had no authority to strike the enhancement. Penal Code section 667 (adopted June 8, 1982, as part of Proposition 8—Victims' Bill of Rights) provides that any person convicted of a serious felony who has previously been convicted of a serious felony shall receive in addition to the sentence imposed for the present offense a five-year enhancement for each prior. The term "serious felony" is defined in Penal Code section 1192.7, which was also enacted as part of Proposition 8. (§ 667, subd. (d).)

Williams contends despite the language of section 667, the sentencing court retains the power to strike the prior in accordance with Penal Code section 1385. Supporting this proposition is *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27], where Lopez was charged with violation of section 211 with two armed prior robberies alleged. The court stayed sentence on the priors. On appeal the People maintained that the imposition of the priors was mandatory and the *Lopez* court held section 1170.1, subdivision (h), allows the court to strike certain enhancements. While that

section specifically refers to section 667.5 priors, it does not so refer to 667 enhancements as the ones alleged in the case at bench. In *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029], the Supreme Court held even though Penal Code sections 190 through 190.5 said nothing regarding striking, a court could nevertheless take this action on the basis of section 1385. Based on these authorities *Lopez* held in view of the general policy of construing statutes favorably toward a defendant and because the statute in question lacks express language to prevent a sentencing, the sentencing court was empowered to strike or otherwise render unenforceable an enhancement alleged and proven pursuant to section 667. (147 Cal.App.3d 162, 165.)

The People argue this is "essentially [a] conclusory opinion and is wrongly decided." The Fifth District, however, in *People* v. *Price* (1984) 151 Cal.App.3d 803 [199 Cal.Rptr. 99], adopted the reasoning and conclusion of *Lopez,* recognizing the scope and vitality of section 1385 as a source of authority of a trial court to exercise its discretion to strike a prior. "The language in sections 1170.1, subdivision (i) and 12022.3 is no 'more' mandatory than that found not to have divested the court of its authority under section 1385 in *Williams, supra,* and *Lopez, supra.* Neither have we found any persuasive evidence of legislative intent to remove weapon use enhancements in sex cases from the operation of section 1385. [¶] Section 1385, like section 1170.1, subdivision (i), requires the trial court to state reasons on the record. As is the case with the robberies, the trial court's failure to do so requires remand on the sex counts." *(Price, supra,* at p. 820.)

A petition for hearing in the Supreme Court was denied in *People* v. *Price, supra. People* v. *Superior Court (Fierro)* (1984) *(Cal.App.) takes a contrary view, holding "the clear and unambiguous language in section 667 requires a mandatory five-year sentence enhancement for each prior 'serious felony' conviction." *Fierro* was critical of *Lopez* and its reliance upon section 1385 and *People* v. *Williams, supra,* 30 Cal.3d 470. *Fierro,* however, has been depublished. It would appear that the *Williams-Lopez-Price* line of cases is the authoritative in-place authority, requiring a remand for resentencing with direction to the judge to exercise his discretion with respect to striking the 667 enhancement. The sentencing transcript unequivocally demonstrates the sentencing judge's unawareness of statutory and case law requirements in sentencing for multiple sex offenses.

The judgment of conviction is affirmed; cause remanded for resentencing conformable to the views expressed herein before a judge other than Judge

*Reporter's Note: Opinion deleted upon direction of Supreme Court by order dated June 21, 1984.

Robert Cooney. (*People* v. *Swanson* (1983) 140 Cal.App.3d 571, 574-575 [189 Cal.Rptr. 547].)

Brown (Gerald), P. J., and Butler, J., concurred.