Filed 5/16/23  P. v. Gage CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C096533 |
| Plaintiff and Respondent, | (Super. Ct. No. P21CRF0100) |
| v. | |
| JESSE SHANE GAGE, | |
| Defendant and Appellant. | |

A jury found defendant Jesse Shane Gage guilty of one count of burglary, two counts of assault, and one count of dissuading a witness.  Relying on seven aggravating factors, the trial court sentenced defendant to the upper term for the burglary.  The court further sentenced defendant to a consecutive middle term for dissuading a witness and stayed low term sentences for the assault counts.  Defendant argues we must remand for resentencing because the trial court relied on multiple improper aggravating factors in imposing the upper term for the burglary conviction.  The People concede.  We accept that concession and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2021, defendant entered the home of a former friend, J.S., without permission and hit J.S. and J.S.'s mother with a wrench. Defendant was charged with burglary and two counts of assault. While J.S. was testifying at the preliminary examination on those charges, defendant verbally threatened J.S.; as a result, the prosecution also charged defendant with dissuading a witness from testifying. At trial, the prosecution argued the specific intent element of the burglary charge was satisfied by defendant's use of the wrench. A jury found defendant guilty of burglary of an inhabited dwelling (Pen. Code, § 459; further statutory references are to the Penal Code), assault of two individuals with a deadly weapon (§ 245, subd. (a)(1)), and dissuading a witness by force or threat (§ 136.1, subd. (c)(1)).

In a bifurcated proceeding, the trial court found seven aggravating factors true beyond a reasonable doubt, including the following four: (1) defendant used a weapon at the time of commission of the crime (Cal. Rules of Court, rule 4.421(a)(2); further rule references are to the California Rules of Court); (2) defendant's prior convictions are of increasing seriousness (rule 4.421(b)(2)); (3) defendant served a prior prison term (rule 4.421(b)(3)); and (4) defendant was on parole when the crimes were committed (rule 4.421(b)(4)).

The People argued three other aggravating factors also applied. First, they argued defendant's conviction for dissuading a witness met the standard for interference with a judicial process under rule 4.421(a)(6) (the interference factor). Second, they cited defendant's prior convictions with concurrent sentences and argued that those convictions met the factor under rule 4.421(a)(7) for convictions of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed (the concurrent sentence factor). And third, relying on defendant's assault with a wrench, they argued defendant engaged in violent conduct under rule 4.421(b)(1) (the violent conduct factor). The trial court found these three other factors true.

2

At sentencing, defendant asked the trial court to impose the low term and pointed to certain factors in mitigation, including the fact that no injuries resulted from these crimes. Noting the seven aggravating factors found true in the bifurcated proceeding and concluding those factors outweighed any in mitigation, the trial court imposed the upper term of six years for the burglary conviction. The court stayed low term concurrent sentences under section 654 for the assault counts and imposed a three-year consecutive term for dissuading a witness.

Defendant filed a timely notice of appeal. He argues (1) the trial court erred by improperly relying on the interference factor, the violent conduct factor, and the concurrent sentence factor in selecting the upper term for burglary; and (2) remand is required because the error was prejudicial. The People concede and we accept their concession.

DISCUSSION

I

*The trial court erred in relying on certain aggravating factors to impose the upper term under section 1170, subdivision (b)*

Section 1170, subdivision (b)(1) applies when the trial court imposes a judgment of imprisonment and the statute specifies three possible terms, generally described as the upper, middle, and low terms. The court cannot select the upper term unless the facts supporting the aggravating circumstances are, as relevant here, proven to the court beyond a reasonable doubt or are based on prior convictions evidenced by a certified record of conviction. (*People v. Jones* (2022) 79 Cal.App.5th 37, 44.) The California Rules of Court provide a nonexhaustive list of aggravating factors the court may consider. (Rule 4.421.) The parties agree the trial court improperly relied on the interference factor, the violent conduct factor, and the concurrent sentence factor. (Rule

3

4.421(a)(6), (7) & (b)(1).) The trial court's errors as to those factors are clear from the record.

A sentencing court may not use the same factor to choose the aggravated sentence and impose a consecutive sentence. (*People v. Williams* (1986) 180 Cal.App.3d 57, 62; rule 4.425(b).) The trial court violated this dual use rule. It sentenced defendant to a consecutive term for dissuading a witness and relied on defendant's conduct underlying that conviction as the basis for finding the interference factor true.

The trial court also violated another dual use rule, namely the rule prohibiting a fact that is an element of the crime on which punishment is being imposed from being considered in choosing a term from the applicable triad. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1261; rule 4.420(h).) The People concede that violent conduct was an element of the burglary for which defendant was convicted and was also used, under the violent conduct factor, to aggravate defendant's sentence for that crime.

Lastly, the trial court misinterpreted the concurrent sentence factor. This factor applies when "[t]he defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences *are being imposed*." (Rule 4.421(a)(7), italics added.) Based on its plain language, this factor concerns convictions in the case before the court, not prior convictions. The People concede the trial court improperly relied on defendant's prior felony convictions in applying this factor and further concede no other crimes in this case implicate this factor.

## II

### *The trial court's error was prejudicial*

When the trial court has relied on improper aggravating factors, the reviewing court must determine whether the trial court's error was harmless. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1110.) Under the harmless error test, the reviewing court "must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error." (*Id.* at p. 1112.) Here we must determine

4

whether it is reasonably probable the trial court would have chosen a lesser sentence had it considered only the four remaining aggravating circumstances, namely, defendant's use of a weapon, his prior convictions, his prior prison term, and his parole status.

As in *Zabelle*, "we are not convinced the trial court would have found these circumstances alone sufficient to warrant imposition of the upper term sentence." (*People v. Zabelle*, *supra*, 80 Cal.App.5th at p. 1115.) "The trial court gave no particular weight to any of its listed aggravating circumstances. Nor did it indicate whether its decision to impose the upper term was (or was not) a close call." (*Ibid.*) The trial court laid out the true aggravating factors and found those factors did not outweigh any mitigating factors. On this record, we cannot determine whether the trial court would have issued the same sentence had it been left with only the four aggravating circumstances; thus, we remand for resentencing.

## DISPOSITION

Defendant's sentence is vacated and the case remanded to the trial court for resentencing.  After resentencing, the trial court must prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
BOULWARE EURIE, J.

6