Filed 6/17/24  P. v. Fernandez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISAAC FERNANDEZ,<br><br>    Defendant and Appellant. | D083717<br><br><br>(Super. Ct. No. BAF2100800) |

APPEAL from a judgment of the Superior Court of Riverside County, Rene Navarro, Judge.  Affirmed.

Gene Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

Isaac Fernandez was convicted of molesting his girlfriend's twin seven-year-old daughters and sentenced to consecutive indeterminate terms.  On appeal, he challenges both the conviction and the sentence.

Fernandez claims the conviction must be reversed because the trial court erroneously instructed the jury with a patterned CALCRIM No. 1191B propensity instruction that resulted in prejudice. However, he acknowledges this court is bound by the California Supreme Court's decision upholding a similar instruction in *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*).

As for the sentence, Fernandez contends the trial court violated the dual use prohibition in California Rules of Court, rule 4.425(b) when deciding to impose consecutive terms. Recognizing defense counsel forfeited the issue by failing to object, he asks this court to overlook the forfeiture or, in the alternative, consider the issue as an ineffective assistance of counsel claim. Even if we overlook the forfeiture, Fernandez failed to demonstrate prejudice.

We affirm the conviction and the sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

Fernandez lived with his girlfriend and her children, who viewed him as a father figure. On June 24, 2021, the mother of then seven-year-old twins walked into her bedroom and observed what she thought was Fernandez inappropriately touching Jane Doe 1 under the covers. After confronting Fernandez, who admitted the touching was inappropriate, and speaking with her daughter, the mother called 911.

Later that day, the twins met with a child forensic interviewer. Jane Doe 1 told the interviewer that Fernandez did "something disgusting" to her that "he's not supposed to do to the kids." She said it started at the end of the first grade and happened more than once. He would kiss her on the lips and pull down her pants and "pick[ ]" her butt with his finger. She said it hurt when his finger went in her "butthole" and that he would also touch her "boobs" and "pick" her "pee pee," which made it sting.

2

When Jane Doe 2 was interviewed, she said Fernandez was doing "weird stuff" to her and her sister. Fernandez kissed Jane Doe 2's mouth and touched her butt over her clothes.

A medical examination of Jane Doe 1 on the following day revealed discoloration in her anal area, which was consistent with repeated anal trauma and could have been caused by penetration.

Although she had no injuries in the vaginal area, the stinging sensation she described could have been caused by rubbing or friction inside the genital vestibule.

At the trial, Jane Doe 1 recanted. After the prosecutor played the video of her forensic interview, she said she lied to her mother and to the forensic interviewer. Jane Doe 2 also initially denied appellant touched her inappropriately, but after the prosecutor played the video of her forensic interview, she admitted her original allegations and testified that Fernandez touched her butt multiple times and she did not like it. She also testified that she sometimes saw Fernandez touch Jane Doe 1's butt in her bed at night.

A jury convicted Fernandez of four felony counts: anal penetration of Jane Doe 1 (Pen. Code,[1] § 288.7, subd. (b), count 1), vaginal penetration of Jane Doe 1 (§ 288.7, subd. (b), count 2), lewd and lascivious acts on Jane Doe 1 (§ 288, subd. (a), count 3), and lewd and lascivious acts on Jane Doe 2 (§ 288, subd. (a), count 4). As to counts 3 and 4, the jury also found true the allegations that the minors were under the age of 14 (§ 667.61, subd. (j)(2)) and the crimes were committed against multiple victims (§ 667.61, subd. (e)(4)).

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

The trial court imposed consecutive indeterminate terms of 15 years to life on counts 1 and 2, and 25 years to life on counts 3 and 4, for an aggregate term of 80 years to life.

Fernandez filed a timely appeal.

## DISCUSSION

### A. *The trial court properly instructed the jury with CALCRIM No. 1191B*

Fernandez argues the trial court erred by instructing the jury with CALCRIM No. 1191B because it "allowed the jury to rely on proof of any charged crimes that Fernandez was disposed to commit" to find he committed the charged offenses. The trial court instructed the jury with the following patterned CALCRIM No. 1191B instruction:

> "The People presented evidence that the defendant committed the crimes of:
>
>> "Count l: Anal Penetration of Jane Doe l
>> "Count 2: Vaginal Penetration of Jane Doe 1
>> "Count 3: Lewd and Lascivious Acts with Jane Doe 1
>> "Count 4: Lewd and Lascivious Acts with Jane Doe 2
>
> "If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sex offenses charged in this case.
>
> "If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People

4

must still prove each charge and allegation beyond a reasonable doubt."

In *Villatoro*, the California Supreme Court held a jury is permitted to draw a propensity inference from currently charged sex offenses and upheld the use of a similar jury instruction. (See *Villatoro*, *supra*, 54 Cal.4th at pp. 1166–1168; see also *People v. Meneses* (2019) 41 Cal.App.5th 63, 68.) We follow *Villatoro* and conclude the trial court properly instructed the jury with CALCRIM No. 1191B. (*Villatoro*, at pp. 1166–1168; see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Under the doctrine of stare decisis, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction."].)

Fernandez also argues the CALCRIM No. 1191B instruction violated his federal due process right "not to be convicted except based on proof beyond a reasonable doubt for each element of each separate charge. [Citations.]" He asserts that if *Villatoro* is reconsidered, the instruction was prejudicial under both the *Chapman* and *Watson* standards. (See *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*); *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*).) Recognizing this court is bound by *Villatoro*, Fernandez admittedly presents this argument on appeal "only to preserve it for consideration by the California Supreme Court and federal courts."

Although Fernandez's failure to object to the instruction at trial would not result in forfeiture (see *People v. Mitchell* (2019) 7 Cal.5th 561, 579–580 ["failure to object to instructional error will not result in forfeiture if the substantial rights of the defendant are affected"]), to the extent he asks us to revisit issues already decided in binding precedent or properly posed to a different tribunal, we refrain from considering them. To the extent Fernandez's federal due process argument was not considered in *Villatoro*, we

5

address it.  (See *People v. Barr*agan (2004) 32 Cal.4th 236, 243 [" '[C]ases are not authority for propositions not considered.' "].)

A permissive presumption "affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." (*Ulster County Court v. Allen* (1979) 442 U.S. 140, 157; see also *Francis v. Franklin* (1985) 471 U.S. 307, 314–315,  ["A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury."].) "[A] trier of fact could rationally infer (1) that a defendant who has previously sexually molested other young girls under similar circumstances has a disposition toward committing this type of offense, (2) that being predisposed to committing lewd and lascivious acts with children increases the likelihood of repeat offenses, and (3) that such a disposition increases the likelihood that he did commit the current offense, an offense supported by considerable evidence of its own." *(People v. Van Winkle* (1999) 75 Cal.App.4th 133, 143–144.)

The inferences authorized by CALCRIM No. 1191B were not irrational, and the instruction did not compromise the jury's responsibility to convict Fernandez of the charged offenses based on proof beyond a reasonable doubt. All of the charges in this case involved acts of sexual molestation of his girlfriend's twin seven-year-old daughters with whom he had the same relationship and similar day-to-day interactions.  The conduct in the offenses charged was sufficiently similar such that the jury could rationally infer from the determination he committed one charged offense that he had a propensity to commit, was likely to commit, and did commit, the others.  Considering the facts and charged offenses in this case, we conclude the inferences authorized

6

by the CALCRIM No. 1191B instruction did not violate Fernandez's due process rights.[2]

B.  *Fernandez waived his dual use argument*

Fernandez challenges his sentence on grounds that the trial court violated the prohibition against the dual use of sentencing factors.  He claims the court erred by purportedly relying on the same aggravating factors used to impose the upper terms for all four counts when it decided to impose the terms consecutively.  (Cal. Rules of Court, rule 4.425(b) ["Any circumstances in aggravation or mitigation . . .  may be considered in deciding whether to impose consecutive rather than concurrent sentences, except[ ]  [¶]  . . .  [a] fact used to impose the upper term"].)

However, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal," including arguments that the court "double-counted a particular sentencing factor" in the sentence.  (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356.)  "Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention."  (*Id.* at p. 353.)

The waiver rule applies only if the defendant had "a meaningful opportunity to object" to the trial court's sentencing decision.  (*Scott, supra,* 9 Cal.4th at p. 356; accord *People v. Gonzalez* (2003) 31 Cal.4th 745, 752.) Fernandez had ample opportunity to object.  After informing the parties of the sentence it intended to impose, the trial court specifically inquired whether counsel had any comments he wished to place on the record.

---

2    In the absence of instructional error, we need not address Fernandez's ancillary contention that the error was prejudicial under the *Chapman* and *Watson* standards.

Fernandez's counsel declined to object or provide any comments; he merely submitted and noted his previously filed *Franklin* motion.[3]

By failing to raise an objection in the trial court, Fernandez forfeited the dual use sentencing issue. (See *People v. De Soto* (1997) 54 Cal.App.4th 1, 7–8 [defendant waived argument concerning dual-use violation by failing to raise specific objection in the trial court].)

C. *The trial court did not abuse its discretion in sentencing Fernandez*

Even if we overlook the forfeiture, we affirm the judgment of the trial court. We will not disturb a trial court's exercise of its "broad discretion" (*People v. Clancey* (2013) 56 Cal.4th 562, 579) unless its decision "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

At the outset of sentencing, the trial court informed the parties it intended to sentence Fernandez in accordance with the One Strike law in section 667.61 and then proceeded to correctly set forth the statutory bases for its denial of probation and for the imposition of the required prison terms for each of the four counts. The One Strike law sets forth a harsher alternative sentencing scheme for certain felony sex offenses crimes. (See *In re Vaquera* (2024) 15 Cal.5th 706, 713 (*Vaquera*).) The sentencing scheme is "subject to exceptions added by the Chelsea King Child Predator Prevention Act of 2010 (Stats. 2010, ch. 219, § 16) (Chelsea's Law)," which require increased punishments when the prosecution has pled and proved a One Strike circumstance involving a minor victim. (*Ibid*.; see § 667.61, subds. (j), (l), (m).)

---

[3] On August 26, 2022, the trial court held a *Franklin* hearing and forwarded the requested documents in a sealed envelope to the Department of Corrections. (See *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) [early parole consideration for youthful offenders]).)

As to counts 1 and 2 (anal and vaginal penetration of Jane Doe 1), the court explained: "As the defendant has been convicted by a jury of two counts of Penal Code Section 288.7 [, subdivision] (b), sexual penetration of a child 10 years of age or younger, the Court finds as a matter of law that said counts come within the meaning of Penal Code section 289, which defines sexual penetration."[4] Subdivision (b) of section 288.7 states "[a]ny person 18 years of age or older who engages in . . . sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and *shall* be punished by imprisonment in the state prison for a term of 15 years to life." (Italics added.) Thus, the trial court was required to impose 15 years to life terms for counts 1 and 2.

As to counts 3 and 4 (lewd and lascivious acts on Jane Doe 1 and Jane Doe 2 in violation of section 288, subdivision (a)), the court correctly observed the jury's guilty verdicts coupled with their finding true the additional allegations (the respective victims were under the age of 14 and the crimes were committed against more than one victim) "bring the convictions for said counts within the provisions of Penal Code Section 667.61 [, subdivisions] (c)(8) and . . . (j)(2)." Subdivision (j)(2) provides for a sentence of 25 years to life for "[a] person who is convicted of an offense specified in subdivision (c) [including a "[l]ewd or lascivious act in violation of subdivision (a) of Section 288"] and under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age." Subdivision (e)(4) applies in this case as Fernandez had been convicted "in the present case . . . of

---

4    Section 289 defines " 'sexual penetration' " as "the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." (§ 289, subd. (k)(1).)

committing [a specified] offense . . . against more than one victim." (§ 667.61, subd. (e)(4).) Thus, the One Strike law required the trial court to impose 25 years to life terms for counts 3 and 4. (See *Vaquera*, *supra*, 15 Cal.5th at p. 723 [provisions of the One Strike law are mandatory when properly pled and proved].)

In addition to determining the statutorily required prison terms, the trial court exercised its discretion to impose consecutive sentences. (§ 669, subd. (a); *People v. Felix* (2000) 22 Cal.4th 651, 655.) The trial court understood the scope of its discretion and exercised it in a reasoned manner. It recognized that, "[i]n imposing consecutive sentences, . . . [t]he Court . . . is not unrestrained in its exercise of fact finding, but rather guided by the Rules of Court for making sound discretionary decisions based on relevant factors in light of general sentencing objectives when imposed in a prison commitment taking into consideration the totality of the circumstances." The court informed the parties that "in deciding to impose consecutive sentences, [it] ha[d] read and considered the following Rules of Court in light of the evidence adduced at trial together with the reasonable inferences to be drawn therefrom: Rule 4.409, Consideration of Relevant Factors; Rule 4.410, General Objectives in Sentencing; Rule 4.421, Circumstances in Aggravation, factors relating to the crime and to the defendant; Rule 4.423, Circumstances in mitigation, factors relating to the crime and the defendant and in addition thereto Subdivision (c) other relevant factors; Rule 4.424, consideration of applicability of Penal Code Section 654; Rule 4.425, Factors affecting concurrent or consecutive Sentences." The "[r]elevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise." (Cal. Rules of Court, rule 4.409.)

Fernandez contends the court violated the dual use prohibition in California Rules of Court, rule 4.425[5] by imposing consecutive sentences "based only on factors already used to enhance [the] sentence and that are elements of the crime of conviction." He claims the court improperly relied on the victims' age, that there were multiple victims, and the court's finding that the crimes were serious and violent felonies under sections 667.5 and 1192.7 as the basis for its decision to impose consecutive terms. Fernandez asserts remand for resentencing is warranted because "the trial court identified no other, valid factors supporting imposition of a consecutive sentence."

The record reveals the court expressly considered and relied upon factors that weighed in favor of consecutive sentencing, aside from the victims' age, offenses against multiple victims, or the court's finding that the crimes were serious and violent felonies. The court found "as to each count that the violent and serious sex crimes . . . occurred on separate occasions." More specifically, it "found from the evidence adduced at trial and the reasonable inferences to be drawn therefrom that defendant committed multiple offenses against two, seven-year-old twins on different

---

[5] California Rules of Court, rule 4.425 provides: "Factors affecting the decision to impose consecutive rather than concurrent sentences include: [¶] (a) Facts relating to crimes . . . including whether or not: [¶] (1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior. [¶] (b) Other facts and limitations [¶] Any circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial, may be considered in deciding whether to impose consecutive rather than concurrent sentences, except: [¶] (1) A fact used to impose the upper term; [¶] (2) A fact used to otherwise enhance the defendant's sentence in prison or county jail under section 1170[, subdivision] (h); and [¶] (3) A fact that is an element of the crime."

occasions[,] . . . including the vaginal, anal and touching of the breasts of one . . . and the touching of the butt and kissing on the mouth of the other . . . ." It also found Fernandez "had more than ample and reasonable time and opportunity to reflect on his conduct and nevertheless resumed repeated sexual assaultive conduct on the seven-year-old twins respectively."

The court's comments fall squarely within an enumerated fact relating to the crimes that may be considered when imposing consecutive sentences— "[t]he crimes were committed at different times . . ., rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Cal. Rules of Court, rule 4.425(a)(3).)

The court also found Fernandez's conduct to be "morally corrupt and criminally condemnable and deplorable," and noted "[t]he record in this case reflects [Fernandez] inserted himself into a household and assumed the position of a father figure to the victim twins all the while exploiting that position of trust to satisfy his personal desires." These comments are supported by the record and track [California Rules of Court,] rule 4.421(a)(11), which permits the court to consider circumstances in aggravation including that "defendant took advantage of a position of trust . . . to commit the offense."

"Only one criterion or factor in aggravation is necessary to support a consecutive sentence." (*People v. Davis* (1995) 10 Cal.4th 463, 552.) The court's finding that Fernandez took advantage of his position of trust to sexually molest his girlfriend's twin daughters is sufficient to support the court's decision to impose consecutive sentences, as is the court's finding that the crimes were committed at different times. (See *People v. Scott* (2015) 61 Cal.4th 363, 405 [no Sixth Amendment violation when a trial judge makes factual findings necessary for the imposition of consecutive terms].)

Considering the trial court's recitation of these additional factors within the context of the entire sentencing record underscores Fernandez's myopic reading of the record.  To the extent the trial court may have articulated an impermissible factor among the multiple factors for its discretionary decision to impose consecutive sentencing, remand is not warranted unless it is reasonably probable that a more favorable sentence would otherwise have been imposed.  (See *People v. Avalos* (1984) 37 Cal.3d 216, 233 (*Avalos*) [applying the *Watson* standard to an improper dual use of facts].)  Fernandez has not demonstrated such a reasonable probability, and the court's explanations serve to foreclose such a probability.  Given this record, there is no reasonable probability that the court would impose concurrent sentences, and we conclude any error was harmless under *Watson*.  It is reasonably certain that if the matter were to be remanded for resentencing, the trial court would properly reach the same result by merely omitting any reference to the facts listed in California Rules of Court, rule 4.425(b) and citing the additional factors as a basis for its consecutive sentence.  (See *People v. Williams* (1986) 180 Cal.App.3d 57, 62.)

D.  *Fernandez failed to establish ineffective assistance of counsel*

In the alternative, Fernandez asks us to consider his counsel's failure to object as an ineffective assistance of counsel claim.  In order to establish ineffective assistance of counsel, Fernandez bears the burden to demonstrate, by a preponderance of the evidence (*People v. Ledesma* (1987) 43 Cal.3d 171, 218 (*Ledesma*)), "both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings."  (*People v. Price* (1991) 1 Cal.4th 324, 440 (*Price*); see also *Strickland v. Washington* (1984) 466 U.S. 668, 688.)

Prejudice must be based on facts in the record (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778) and "established ' "as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." ' " (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.)

As discussed previously, Fernandez failed to demonstrate a reasonable probability that, absent the alleged errors by the court and counsel, the result would have been different. (See *Ledesma, supra*, 43 Cal.3d at pp. 217–218.) In the absence of prejudice, we need not analyze whether defense counsel's performance was deficient. (*In re Fields* (1990) 51 Cal.3d 1063, 1079.)[6]

---

[6] We note defense counsel does not render ineffective assistance by declining to make a futile objection. (See *Price, supra*, 1 Cal.4th at p. 387.) Here, defense counsel submitted to the court's intended sentence by noting his previously filed *Franklin* motion; he could have reasonably believed any realistic hope of reducing his client's prison time rested on his future youthful offender arguments to the parole board.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

RUBIN, J.